**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Erikon L.L.C. | |
| | CIVIL NO. |
| Plaintiff | |
| | BREACH OF CONTRACT, |
| v. | COLLECTION, CONTRACTUAL DAMAGES |
| Caribbean Management Group, Inc. | |
| David H. Wishinsky Kerr, Reynaldo Vincenty, | JURY TRIAL DEMANDED |
| Caribbean Seaside Heights Properties, Inc, | |
| ABC Insurance, Inc., John Doe | |
| | |
| Defendants | |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW**, co-defendant Erikon, L.L.C., hereinafter Erikon, through the undersigned

attorneys, and very respectfully state and pray as follows:

**I. NATURE OF THE CASE**

1. This is an action for breach of contract and collection of monies under Puerto Rico Civil

Code, 31 LPRA § 2991, et. seq.

**II. JURISDICTION AND VENUE**

2. This Honorable Court has jurisdiction over the parties and the subject matter of this

litigation pursuant to 28 USC § 1332, inasmuch as there is complete diversity of citizenship

between the plaintiffs and the defendants and the amount in controversy, exclusive of costs and

interests, exceeds seventy-five thousand dollars ($75,000.00).

3. Venue is proper in this judicial district pursuant to 28 USC §1391(a) since the claims arose in this judicial district.

4. The Plaintiffs request a jury trial for all triable issues.

### III. THE PARTIES

5. Plaintiff ERIKON, LLC, is a limited liability company in good standing organized under the laws of the State of Louisiana , with its principal place of business in New Orleans, Louisiana.

6. Defendant CARIBBEAN MANAGEMENT GROUP, INC., hereinafter referred to as "CMG", is a Puerto Rico corporation organized under the laws of Puerto Rico, with its principal place of business in Rincón, Puerto Rico.

7. Defendant CARIBBEAN SEASIDE HEIGHTS PROPERTIES, INC., hereinafter referred to as "CSH", is a corporation organized under the laws of Puerto Rico, with its principal place of business in Aguadilla, Puerto Rico.

8. Defendant DAVID H. WISHINSKY KERR, hereinafter referred to as "Wishinsky", is of legal age, married and resident of the State of Florida.

9. Defendant REYNALDO VNCENTY, hereinafter referred to as "Vincenty" is of legal age, married, resident of Puerto Rico, and President of CMG.

10. Defendant ABC INSURANCE, INC., is an insurance company whose real name is unknown at this time, that had issued an insurance policy to respond for the risk detailed in this complaint.

9. Defendants JOHN DOE and JANE DOE, are natural or legal entities, whose real names are unknown at this time, whom are liable to the plaintiff for the damages suffered as a result of the negligent acts or omissions described in the complaint.

2

## IV. STATEMENT OF FACTS

10. Erikon LLC, CMG and Wishinsky were involved in litigation of several cases before this District related to the purchase and sale of two (2) *fincas* in Aguadilla, the design and permits for the development of a tourist complex and the satisfaction of a promissory note to the bearer executed as part of the transaction. The cases were consolidated in the matter of <u>*Caribbean Management Group, Inc. v. Erikon LLC, et al.*</u>, Civil No. 07-1615 (CCC).

11. As part of the litigation process, Erikon, CMG and Wishinsky entered into a settlement agreement and requested the Court to issue a Consent Judgment in favor of Koeniger Development, Inc.[1] and Erikon LLC. Accordingly, on March 24, 2008 the Court entered a final consent judgment ("Consent Judgment"), which on its relevant part reads:

> Pursuant thereto, the Court ENTERS JUDGMENT FOR DEFENDANTS Erikon, L.L.C., and Koeniger Development, Inc., to have and recover from Plaintiffs Caribbean Management Group, Inc., and David Wishinsky, jointly and severally, the sum of $7,500,000.00, together with interest at the rate of 5% per annum as of April 27, 2007, until full payment of principal, plus attorneys' fees in the amount of $50,000.00. This Judgment is to be paid within forty-five days hereof. If said Judgment is not paid within forty-five days hereof, Defendants may proceed to execute the same.

12. Several efforts were made by Erikon to secure compliance with the Consent Judgment by means of the applicable execution of judgment procedures including the request of writs of attachment and post judgment discovery. Nonetheless, neither CMG nor Wishinsky complied with Consent Judgment.

13. As part of the execution of judgment efforts, Erikon LLC, CMG and Wishinsky entered into an out of court *Agreement for Payment of Judgment* effective March 2, 2009 ("Agreement"). As part of the Agreement, Erikon granted a payment plan to both CMG and

---

[1] Koeniger Development, Inc., was a Louisiana based corporation authorized to do business in Puerto Rico. The same ceased to exist in January 2018 pursuant to the laws and regulations of the State of Louisiana.

Wishinsky until full payment of Consent Judgment pursuant to the same terms and conditions of

the original Consent Judgment.  On its pertinent part, the Agreement states:

> This agreement is entered into effective March 2, 2009 between Caribbean Management Group, Inc. (hereinafter referred to as "CMG,") and David Wishinksy Kerr (hereinafter referred to as "Wishinksy") both as being sometimes referred to as "judgment debtors," and Erikon, LLC, sometimes referred to as "Erikon" or judgment creditor.
>
> CMG is represented herein through its duly authorized officer and agent, Reinaldo Vincenty; David Wishinksy Kerr appears herein in proper person; and, Erikon, LLC is represented through its duly authorized agent and attorney, William F. Wessel.
>
> WHEREAS, judgment was rendered on March 24, 2008 by the United States District Court for the District of Puerto Rico in Proceedings Civil No. 07-1615 c/w Civil No. 07-1623 in favor of Erikon in the sum of $7,500,000 together with interest and attorney fees all as provided therein and against the defendants, CMG and Wishinsky; and,
>
> WHEREAS, one payment of $250,000 has been made on the said judgment and no other payments have been made; and,
>
> WHEREAS, the parties hereto have agreed and desire to work out a manner of payment of said judgment satisfactory to all of the parties.
>
> NOW THEREFORE THE PARTIES AGREE AS FOLLOWS:
>
> 1. On or before March 16, 2009, the judgment debtors, Kerr and CMG, will pay to Erikon the sum of $300,000 with a check or wire transfer made payable to Wessel & Associates A Law Corporation Trust Account which payment shall be made and delivered to Erikon no later than March 2, 2009 and held by Erikon until March 16, 2009 when it may be deposited.
>
> 2. Thereafter, the judgment debtors shall pay the sum of $250,000 on the 15th of each and every month thereafter beginning on April 15, 2009 until the entire judgment is paid including all interest and attorney fees thereon.
>
> 3. In the event that the judgment debtors should acquire financing on the project known as the Christopher Columbus Landing Project in Aguadilla, Puerto Rico, then the full amount of the judgment together with accumulated interest and attorney fees shall be paid in full.
>
> 4. As long as the monthly payments that are referred to herein are being made on a timely basis, Erikon agrees not to execute on the judgment hereinabove referred to. However, in the event that any payment is not made and received by Erikon when

4

due under this agreement, than Erikon shall be entitled, without any notice whatsoever, to proceed to execution on the original judgment.

14. During the period comprised between March 2009 and April 2011, CMG made several payments to Erikon without adherence to the schedule and amounts agreed upon in the abovementioned Agreement. During the course of those years Erikon, by means of its Louisiana attorney Mr. William Wessel, continued to communicate both with Vincenty and Wishinsky in order to secure payment of judgment in accordance to the Agreement executed in March 2009.

15. In response, on May 25, 2010 both Vincenty and Wishinsky forwarded a communication to attorney Wessel requesting a modification of the previous payment agreement. Considering the consistent non-compliance with the agreement, Erikon consented to revise the Agreement and proposed the following modifications:

> In connection with the letter received from Jose Ferrari, Esq., dated May 25, 2010, Erikon, LLC accepts the proposition with the following clarifications:
>
> 1. The payments of $125,000 begin with the month of May since the judgment debtors are already behind for this years payments having only made payments of: $50,000.00 on February 4, 2010; $125,000 on February 11, 2010; $125,000 on March 12, 2010; $125,000.00 on April 19, 2010; and, a $125,000.00 on May 21, 2010. (Prior to January 1, 2010, the only payment that was made was in December for $100,000.) So the first payment of $125,000 is to be received by me no later than June 1, 2010 covering the May payment.
>
> 2. Thereafter, the payments are to be received by me no later than the 15th of each month beginning June 15, 2010 through September 15,2010 (four payments).
>
> 3. As long as the payments are received timely, there will be no execution on the judgment but the failure to make any payment timely, i.e. received by me on or before the 15th of each month will result in execution of the judgment.
>
> 4. If the full balance of the debt created by the judgment is not thereafter paid by September 30, 2010, the judgment creditor, Erikon, LLC, or its assignees, shall be entitled to execute on the judgment.
>
> If this is what you are committing to, please sign a copy of this letter and return same to me by fax.

16.   On May 28, 2010, in response to Erikon's proposed modification in the installment amounts, Vincenty and Wishinsky forwarded a letter indicating that they were not capable to comply with the proposed modification and proposed an alternate schedule under the same terms and conditions of the March 2009 Agreement, to wit:

> After reviewing your letter dated May 26, 2010, we consider that **we can not comply at this moment with the payment schedule stated.**
>
> Nevertheless we ratify our commitment of the following payment schedule as expressed by us in our communication dated May 25th of 2010,
>
> 1. $125,000.00 payment to be send on June 7th of 2010.
> 2. $125,000.00 payment to be send on July 15th, 2010.
> 3. $125,000.00 payment to be send on August 15th, 2010.
> 4. $125,000.00 payment to be send on September 15th, 2010.
>
> A final payment for the pay off amount on September 30th, 2010 if our loan is approved, we will keep you informed of our efforts to comply on the pay-off date. In the event we can not secure the pay-off loan we will notify in order to readdress our efforts to comply with our commitment to pay out debt.

17.   Afterwards, CMG sent four (4) monthly payments to Erikon based on the proposed reduced amounts. Nevertheless, after September 2010, CMG and Wishinsky failed to post payments as promised.  As with previous occasions, CMG and Wishinsky failed to comply with the agreed upon payment schedule, making only three (3) partial payments for amounts not previously agreed upon.

18.   Since the issuance of the Consent Judgment and the Agreement until April 2011, CMG made payments totaling the amount of *three million one hundred and fifty thousand dollars ($3,150,000.00)* to partially satisfy their consented obligations.  From that moment in time CMG and his President Reynaldo Vincenty have avoided compliance with the Agreement.

6

19. By the same token, Wishinsky, by means of his solely held corporation CSH, has made efforts to avoid compliance with the *Agreement for Payment of Judgment*, including filing a frivolous complaint against Erikon for alleged breach of a contract executed in 1998 in the matter of *Caribbean Seaside Heights Properties v. Erikon LLC, et al., Civil No. 13-1393 (SEC)*. The aforementioned case was dismissed with prejudice by the District Court and the judgment was ratified by the Court of Appeals for the First Circuit in *Caribbean Seaside Heights Properties v. Erikon LLC, et al.,* 867 F.3d 42 (1st Cir. 2017).

20. While actively litigating the abovementioned case, Erikon has been engaged in settlement conversations and execution of judgment efforts with CMG, Wishinsky, Vincenty and CSH both in connection to said case, as well as in the *Caribbean Management Group, Inc. v. Erikon LLC, et al.*, supra,[2] case, to no avail.

## VI. STATEMENT OF CLAIMS

21. Paragraphs 1 through 19 are incorporated herein by reference. Defendants CMG and Wishinsky's intentional and negligent non-compliance of the Agreement constitutes a material breach of its terms and conditions. By not satisfying full payment of the agreed upon amount of *seven million five hundred and fifty thousand dollars ($7,550,000.00)* as established by the Consent Judgment and incorporated upon the Agreement, defendants materially breached their obligations.

22. According to the terms and conditions of the Agreement, to this date defendants CMG and Wishinsky jointly and severally owe Erikon an amount of not less than *ten million dollars*

---

[2] In this case the Court issued an Order dated March 12, 2018 denying additional execution of judgment efforts from Erikon. A request to set aside the order was timely filed by Erikon on April 9, 2018. That motion is still pending for adjudication.

*($10,000,000.00)* plus the corresponding legal interest pursuant to the laws of the Commonwealth of Puerto Rico.

23.   As a direct and proximate result of defendant's material breach, Erikon suffered damages in the form of reasonable expenses in securing  defendants' performance of the contract, return on investments, loss of profits, loss of financial stability, and costs which are estimated at an amount  not less than *two million dollars ($2,000,000.00.)*

24.  The actions of Vincenty and CSH also constitute tortious interference with a contract insofar as in concert and fully aware of the agreements with Erikon they negligently, intentionally and with grievous disdain interfered with the performance of their agreements. The negligent, concerted, malicious, and cognizant intervention by Vincenty and CSH constitute tortious acts and unjust enrichment, for which they are jointly liable to Erikon for the damages suffered as a result of such acts. The damages suffered and which plaintiffs currently suffer as a result of the abovementioned acts are valued in no less than *one million dollars ($1,000,000.00)*.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Erikon respectfully requests that this Honorable Court, enter judgment against defendants for the for the aforementioned sums, plus prejudgment and post judgment interest, costs of suit, attorneys fees and all other relief the court deems proper and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 24th day of July 2018.


## NOTICE OF ELECTRONIC FILING

**WE HEREBY CERTIFY**: That on this date I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to all attorneys of

record.

GARCÍA, APONTE & QUIÑONES
954 Ponce de León Avenue
Miramar Plaza, Suite 702
San Juan, Puerto Rico 00908
TEL. 787-300-2811
FAX. 787-300-2814


S/ IVAN APONTE-GONZÁLEZ

_____
IVAN APONTE-GONZALEZ
USDC-PR NO. 216803
ia@gaqlaw.com


S/ HÉCTOR J. QUIÑONES INSERNI

_____
HÉCTOR J. QUIÑONES INSERNI
USDC-PR NO. 222614
hq@gaqlaw.com